IN THE UNITED STATES DISTRICT COURT

**FILED**

NOV 3 0 2012

FOR THE DISTRICT OF MONTANA

Clerk, U.S District Court
District Of Montana
Missoula

HELENA DIVISION

| | |
|---|---|
| WILLIAM JOHN HENRY, | Cause No.  CV 12-0019-H-DLC |
| Plaintiff, | |
| vs. | |
| MIKE FERRITER, LEROY KIRKEGARD, TODD BOISE, REBECCA MCNEIL, DR. RANTZ, TRISTAN KOHUT, DR. PIRANIAN, CINDY HINER, and CATHY REY, | ORDER |
| Defendants. | |

Plaintiff William Henry filed an Amended Complaint, alleging that he is being denied adequate medical care in violation of the Eighth Amendment to the United States Constitution.  The matter was referred to United States Magistrate Judge Keith Strong under 28 U.S.C. § 636(b).  Judge Strong conducted a preliminary screening of the Complaint and Amended Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A to determine if Henry's allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Judge Strong issued Findings and Recommendations in which he

1

recommends the dismissal of this matter with prejudice for failure to state a claim upon which relief can be granted. Judge Strong found that Henry had failed to provide sufficient information regarding his medical care claims and the specific acts of Defendants to state a plausible claim for relief under 42 U.S.C. § 1983.

Henry timely objected and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). As the objections contain additional information sufficient to state a claim for relief, the Amended Complaint will be served upon Defendants.

Henry is incarcerated at the Montana State Prison. He complains that he is not receiving adequate medical treatment for a "deteriorating spine," a heart condition, and a hydrocele in his groin area. He also complains that he is being denied a bottom bunk restriction which he needs due to these medical conditions.

In order to state an Eighth Amendment denial of medical care claim, an inmate must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Like Judge Strong, and for purposes of this Order only, the Court presumes Henry is suffering from serious medical needs. Thus, the issue is whether Defendants were deliberately indifferent to those needs. To demonstrate deliberate indifference, a plaintiff must show: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

2

caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Under the deliberate indifference standard, "the prison official must not only 'be

aware of the facts from which the inference could be drawn that a substantial risk

of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi

v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The indifference must be

substantial. The action must rise to a level of "unnecessary and wanton infliction

of pain." *Estelle*, 429 U.S. at 105. "A difference of opinion does not amount to

deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*,

891 F.2d 240, 242 (9th Cir. 1989). Similarly, a mere delay in medical care,

without more, is insufficient to state a claim against prison officials for deliberate

indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

(9th Cir.1985).

I agree with Judge Strong that the factual support for Henry's claims is

sparse, but there are some concerns with Henry's allegations which necessitate this

matter being served upon Defendants. First, Henry alleges that tests were ordered

with regard to his back and heart which were not done. An inadvertent failure to

provide adequate medical care is insufficient to establish deliberate indifference.

*Wilhelm v. Rotman*, 680 F.3d 1113, 1122-1123 (9th Cir. 2012). But where a

medical provider recognizes the need for medical treatment and fails to ensure that

3

the treatment is done, a trier of fact could find that the medical provider was deliberately indifferent to a serious medical condition. *Id.* Here it is alleged that Dr. Kohut ordered tests to be done for Henry's back and his heart condition and Dr. Piranian said he was going to order tests for Henry's heart but none of these tests were done. This is sufficient to state a claim for relief.

Secondly, Henry alleges that Defendants are making their decisions regarding his medical issues based on budget cuts and not medical needs. (Dkt. 8, p. 4). Failing to provide adequate medical care because of budgetary constraints or non-medical administrative reasons does not excuse a doctor's deliberate indifference to an inmate's serious medical needs. *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (finding plaintiff stated claim for deliberate indifference to serious medical needs where he alleged jail officials failed to treat his hernia because of budgetary constraints); *Jett*, 439 F.3d at 1097 (finding plaintiff raised triable issue as to whether prison doctor acted with deliberate indifference when he did not arrange follow-up medical care because recommended hospital was not on prison's list of contracting facilities). Henry alleges he was told by Dr. Piranian that any further tests or surgery would be turned down by the Medical Review Panel because of budget cuts. (Dkt. 6, p. 8; Dkt. 8, p. 2). Such allegations are sufficient to state a claim for relief.

4

Lastly, Henry alleges that Defendants' treatment of his medical issues has consisted of little more than documenting his worsening conditions. To prevail on an Eighth Amendment claim, a prisoner does not need to show that he was ignored. Evidence that a medical provider refused to alter a prisoner's course of treatment despite his repeated reports of ineffective treatment and worsening conditions can amount to deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 653–54 (7th Cir. 2005).

Accepting Henry's allegations as true and according his pleadings every benefit of the doubt, in my view Henry has stated a claim under the Eighth Amendment of the United States Constitution.

Henry contends Defendants Kohut, Piranian, Henderson, C. Boise, and Rantz failed to provide proper medical care for his heart, hydrocele, spine, and his bunk restriction by not following through with tests which had been ordered, failing to provide treatment for budgetary reasons, and by simply documenting his worsening conditions. (Dkt. 6, p. 11). He contends Defendants McNeil, Hiner, T. Boise, Rantz, and Ferriter denied him adequate medical attention by denying his grievances asking for the proper treatment. (Dkt. 6, p. 11). While Henry's allegations against the numerous defendants are not specific as to the actions of the individual Defendants, out of an abundance of caution and liberally construing

5

the pleadings, the Court finds there are sufficient allegations to require a response from these Defendants. If any of these individuals are improperly named as Defendants, the Court will address that issue upon the filing of an appropriate motion.

Henry named Leroy Kirkegard and Cathy Rey as Defendants in his original complaint but not in the Amended Complaint. As Henry was instructed in Judge Strong's Order of April 19, 2012 that the amended complaint supercedes the original complaint, these Defendants will be dismissed.

The Court makes no conclusions about the truth of Henry's allegations or about the strength of his claims or the evidence he might offer to corroborate those claims. But Henry has said enough to require a response from Defendants Kohut, Piranian, Henderson, C. Boise, Rantz, McNeil, Hiner, T. Boise, and Ferriter.

Accordingly, the Court issues the following:

## ORDER

1. Judge Strong's Findings and Recommendations are adopted in part and rejected in part. Defendants Kirkegard and Rey are dismissed without prejudice. The Complaint shall be served on Defendants Kohut, Piranian, Henderson, C. Boise, Rantz, McNeil, Hiner, T. Boise, and Ferriter.

2. Pursuant to Fed.R.Civ.P. 4(d), Defendants Kohut, Piranian, Henderson,

6

C. Boise, Rantz, McNeil, Hiner, T. Boise, and Ferriter are requested to waive

service of summons by executing, or having counsel execute, the Waiver of

Service of Summons.  The Waiver must be returned to the Court within **thirty (30)**

**days of the entry date reflected on the Notice of Electronic Filing**.  If

Defendants choose to return the Waiver of Service of Summons, the answer or

appropriate motion will be due within <u>60 days after the entry date of this Order</u> as

reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

     3.  The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

* February 23, 2012 Complaint;

* April 19, 2012 Order;

* April 30, 2012 First Amended Complaint;

* August 1, 2012 Findings and Recommendations;

* August 13, 2012 Objections to Findings and Recommendations;

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

7

Should counsel determine they do not represent Defendants in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

5. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

8

6. Henry shall not make any motion for default until at least seventy (70) days after the date of this Order.

7. At all times during the pendency of this action, Henry SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 30th day of November , 2012.

Dana L. Christensen, District Judge
United States District Court

9

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   Legal Counsel for the
       Montana Department of Corrections
       P.O. Box 201301
       Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Mike Ferriter, Todd
Boise, Rebecca McNeil, Elizabeth Rantz, Triston Kohut, Steve Piranian, Cristy
Boise, Dr. Henderson, and Cindy Hiner. A copy the Amended Complaint is
attached to this notice. It has been filed in the United States District Court for the
District of Montana, Civil Action No. CV-12-0019-H-DLC. The Court has
completed its pre-screening and concludes Defendants must file a responsive
pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a),
(b).

This is not a formal summons or notification from the Court, but rather a request
that you sign and file the enclosed waiver of service in order to save the cost of
service by the U.S. Marshals Service. The cost of service will be avoided if you
file the signed Waiver of Service of Summons within 30 days of the entry date of
the Order accompanying this notice as reflected on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed
with the Court and no summons will be served. The action will then proceed as if
you had been served on the date the waiver is filed, except you must file an answer
or appropriate motion within 60 days of the entry date of the Order accompanying
this notice as reflected on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this
on the Waiver of Service of Summons form. The Court will, in turn, order the
U.S. Marshals Service to serve the Complaint personally on Defendants and may
impose the full costs of such service.

                                        Dana L. Christensen, District Judge
                                        United States District Court

TO:     The U.S. District Court for the District of Montana

        The following Defendants acknowledge receipt of your request that they waive
service of summons in the following action: Henry v. Ferriter, et al., Civil Action No.
CV-12-19-H-DLC filed in the United States District Court for the District of Montana.
Defendants also received a copy of the Amended Complaint. I am authorized by the
following Defendants to agree to save the cost of service of a summons and an
additional copy of the complaint in this action by not requiring that the following
individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

        The above-named Defendants retain all defenses or objections to the lawsuits or
to the jurisdiction or venue of the Court except for objections based on a defect in the
summons or in the service of the summons. I understand judgments may be entered
against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is
not served within 60 days after the date the Order directing the Notice of Lawsuit and
Request for Waiver of Service of Summons to be sent was entered as indicated on the
Notice of Electronic Filing.

        I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS